BLD-056                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3000
_____


IN RE: LYNN Z. SMITH,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-18-cv-00048)
District Judge:  Honorable Anne E. Thompson
_____


Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 13, 2018


Before:  AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 17, 2018)

_____

OPINION[*]
_____


PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Lynn Z. Smith appeals from the order of the District Court affirming the order of the Bankruptcy Court that converted her Chapter 13 bankruptcy proceeding into one under Chapter 7. We will affirm as well.

I.

Although we write primarily for the parties, who are familiar with the background of this case, some background will provide context for our decision. The bankruptcy proceeding at issue here is the third filed by Smith (a college professor) or her husband, Brian Smith. These proceedings have involved numerous debts, but we are concerned here with two primary kinds. First, following a trial in 2009, the New Jersey Attorney General obtained state-court securities fraud judgments against Lynn and Brian Smith in the amounts of approximately $809,000 and $5.1 million, respectively. Those judgments arose from findings that, inter alia, the Smiths used fraudulently obtained investor funds to pay personal expenses, including mortgage payments on Lynn Smith's $1 million home. Second, and also in 2009, Manasquan Bank filed a mortgage foreclosure action in New Jersey against the Smiths for defaulting on two mortgages on that home in an amount of over $300,000.

While Manasquan Bank's mortgage foreclosure action was pending, Lynn Smith filed a counseled Chapter 13 bankruptcy petition in 2011. (Bankr. N.J. No. 11-18053.) That petition automatically stayed the foreclosure action, but the Bankruptcy Court

dismissed the petition later that year as non-feasible.[1]  About two weeks later, the New Jersey state court in Manasquan Bank's foreclosure action entered summary judgment in the bank's favor.  Manasquan Bank ultimately obtained a final judgment of foreclosure on January 4, 2017, of approximately $320,000 (as later augmented by court-ordered costs).  A sheriff's sale was scheduled for August 14, 2017.

Three days before the sale, and following several unsuccessful efforts in state court to stay it, Brian Smith filed a bankruptcy petition of his own.  (Bankr. N.J. No. 17-26328.)  That filing resulted in another automatic stay.  Manasquan Bank obtained relief from the automatic stay to proceed to the sheriff's sale, which was rescheduled for December 11, 2017.  That same day, the Bankruptcy Court denied Brian Smith's motion to reinstate the automatic stay (and it dismissed his petition too the following day for his repeated failure to attend a meeting of creditors).

About 10 minutes after the Bankruptcy Court refused to reinstate the stay, and about two hours before the sheriff's sale was scheduled to occur, Lynn Smith filed pro se the Chapter 13 bankruptcy petition at issue here.  That petition, of course, resulted in yet another stay.  This time, Manasquan Bank filed a motion to convert the Chapter 13 proceeding into a Chapter 7 liquidation proceeding on the grounds that Smith (1) filed the bankruptcy petition in bad faith, and (2) was not eligible to proceed under Chapter 13

---

[1] Although Smith filed this petition through counsel, she later began filing documents with the Bankruptcy Court pro se.  Counsel ultimately filed a motion to withdraw in which he asserted, inter alia, that Smith had failed to disclose to him the $809,000 securities fraud judgment against her.

because her debts exceeded the amounts set forth in 11 U.S.C. § 109(e). Manasquan Bank claimed that, even leaving the foreclosure judgment aside, Smith[2] was indebted to it on the amounts secured by the mortgages plus attorney's fees for approximately $504,000.

The Bankruptcy Court scheduled a hearing on the motion for January 2, 2017, and it directed the parties to present any objections to conversion at that hearing. Smith, however, did not appear. The next day, the Bankruptcy Court entered an order granting Manasquan Bank's motion and converting the proceeding into one under Chapter 7. In doing so, the Bankruptcy Court specifically rejected Manasquan Bank's argument that Smith filed her petition in bad faith. It concluded, however, that Smith was rendered ineligible to proceed under Chapter 13 by 11 U.S.C. § 109(e).

Under that provision, individuals are eligible to proceed under Chapter 13 only if, inter alia, they owe less than $394,725 in unsecured debt or less than $1,184,200 in secured debt. See id. In applying this provision, the Bankruptcy Court expressed some uncertainty regarding whether the securities fraud judgment of $809,000 against Smith should be treated as unsecured or secured. But the court concluded that, either way, Smith was ineligible under this provision. If the securities fraud judgment were treated as unsecured, the court reasoned, then that judgment alone rendered Smith ineligible. If the securities fraud judgment were treated as secured, by contrast, then that judgment

---

[2] References to "Smith" hereafter are to appellant Lynn Smith.

4

together with the approximately $504,000 in secured debt claimed by Manasquan Bank rendered Smith ineligible as well.[3] Thus, the Bankruptcy Court converted her proceeding into one under Chapter 7.

Smith appealed the conversion order to the District Court. While her appeal was pending, she filed various motions with the District Court, which denied them, and an interlocutory appeal from some of those rulings, which we dismissed for lack of jurisdiction at C.A. No. 18-2170. Some developments in that appeal and subsequent developments in the Bankruptcy Court are noted in the margin.[4]

In the District Court, Smith ultimately filed numerous briefs on the merits of her appeal of the conversion order. In those briefs, Smith did not challenge the Bankruptcy Court's calculation of her debts or its application of § 109(e). Instead, she claimed

---

[3] The Bankruptcy Court also noted that the result would be the same if, instead of looking to the $504,000 claimed by Manasquan Bank, it looked to the state-court judgment of approximately $320,000 and to even a "reasonable fraction" of Manasquan Bank's claimed attorney's fees of approximately $162,000.

[4] On May 24, 2018, the Bankruptcy Court entered an order authorizing the Chapter 7 Trustee to sell Smith's home at auction on July 17, 2018. Smith did not appeal that order to the District Court or ask the District Court to stay it, but she filed a motion to stay the auction in her previous appeal to this Court. This Court denied her stay motion on July 16. The auction proceeded and, on July 25, the Bankruptcy Court issued an order authorizing the Trustee to sell Smith's home to the winning bidder. In doing so, the Bankruptcy Court found that the buyer is a good-faith purchaser for value for purposes of 11 U.S.C. § 363(m) and is entitled to the protection thereof. Once again, Smith neither appealed the sale-authorization order to the District Court nor obtained a stay of that order. She renewed her request for a stay with this Court, but we denied it as moot. According to the Trustee, the sale of the home was consummated as of November 1, 2018.

(erroneously) that the Bankruptcy Court had converted her petition on the basis of bad faith, and she argued that the Bankruptcy Judge was biased against her and held the conversion hearing without sufficient notice. She also argued in conclusory fashion that the state-court judgments were fraudulent and were the product of a 12-year judicial conspiracy against her.

By order entered August 9, 2018, the District Court rejected Smith's arguments and affirmed the Bankruptcy Court's conversion order. Smith now appeals to us.[5]

## II.

We will affirm. As an initial matter, Smith did not preserve for review any of the arguments that she presented to the District Court because she did not appear at the conversion hearing to register any objections as required by the Bankruptcy Court. See In re Tribune Media Co., 902 F.3d 384, 400 (3d Cir. 2018) (holding that issues not presented to the Bankruptcy Court are waived). The Bankruptcy Court gave adequate notice of that hearing, see In re Am. Capital Equip., 688 F.3d at 161, but Smith simply

---

[5] The District Court had jurisdiction to review the Bankruptcy Court's conversion order under 28 U.S.C. § 158(a), and we have jurisdiction to review it as a final order under 28 U.S.C. §§ 158(d)(1) and 1291. See In re Am. Capital Equip., LLC, 688 F.3d 145, 153 (3d Cir. 2012); see also In re Rosson, 545 F.3d 764, 770 (9th Cir. 2008) (joining "all other courts of which we are aware that have considered the issue" in holding that an order converting a bankruptcy proceeding into one under Chapter 7 is appealable as a final order). We further conclude that the sale of Smith's home does not render this appeal moot. We review the Bankruptcy Court's conversion order directly and, although we review legal issues de novo and factual finding for clear error, we review the Bankruptcy Court's ultimate decision to convert the proceeding for abuse of discretion. See In re Am. Capital Equip., 688 F.3d at 153, 161; In re Myers, 491 F.3d 120, 127 (3d

failed to attend. She asserts that she could not attend on the scheduled day and that the Bankruptcy Court "knew" as much, but nothing of record supports either assertion or reveals any attempt by Smith to reschedule the hearing in the Bankruptcy Court. To the contrary, the record reveals a persistent pattern of Smith's failure to appear for hearings both in the Bankruptcy Court and in the New Jersey foreclosure action.

In any event, even if Smith's arguments are preserved, we reject them largely for the reasons explained by the District Court. Despite the prolixity of her filings in the Bankruptcy Court, the District Court and this Court, Smith has never raised any meaningful challenge to the Bankruptcy Court's conclusion that conversion to Chapter 7 was warranted because § 109(e) renders her ineligible to proceed under Chapter 13. See 11 U.S.C. § 1112(b) (permitting conversion or dismissal for cause).[6] Smith argues that the securities fraud and mortgage foreclosure judgments against her are fraudulent and invalid but, as the District Court explained, Smith may not relitigate those matters in the Bankruptcy Court.[7] Smith also argues that the Bankruptcy Judge (and now the District

---

Cir. 2007).

[6] For this reason, even if the Bankruptcy Court had not provided Smith with an adequate opportunity to contest conversion before the court ordered it (which the court did), any error in that regard would have been harmless. See In re Rosson, 545 F.3d at 776-77.

[7] The District Court relied for that proposition on the Rooker-Feldman doctrine. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). Whether the issue is framed in terms of the Rooker-Feldman doctrine, cf. In re Knapper, 407 F.3d 573, 580-82 (3d Cir. 2005) (applying the doctrine to a bankruptcy adversary proceeding seeking to set aside a state-court judgment), or in terms of full faith and credit and issue preclusion, cf. Adams v. Adams, 738 F.3d 861, 865-66 (7th Cir. 2013) (applying full faith and credit/issue preclusion to debtor's objection to a

Judge) were biased against her, but she has shown nothing more than disagreement with their rulings and neither those rulings nor anything else of record suggests "a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). We have carefully reviewed the record and Smith's numerous filings on appeal, and we reject Smith's remaining arguments (including those that she raised in the District Court)[8] for reasons that do not require further discussion.[9]

III.

creditor's claim based on a state-court judgment), the result in this case is the same— Smith's bankruptcy proceeding is not an opportunity to collaterally challenge the state-court judgments against her.

[8] These arguments include Smith's arguments that the Trustee has engaged in misconduct and that Smith can imminently obtain a reverse mortgage or otherwise imminently raise the funds to satisfy the mortgages, which Smith and her husband have been promising to do in numerous court filings since at least 2010.

[9] The Clerk listed this appeal for possible summary action and provided the parties with an opportunity to submit a response. Smith has since filed numerous responses on the merits. She claims in some of them that she also intends to file a brief, but no briefing schedule has issued and further briefing is unnecessary because we conclude, on the basis of our review of the record and Smith's filings, that Smith's appeal from the District Court's affirmance of the conversion order presents no substantial question. See 3d Cir. L.A.R. 27.4 (2010); 3d Cir. IOP 10.6.

The same is true as to any other order of the District Court potentially challengeable in this appeal, including the three orders that Smith sought to challenge in C.A. No. 18-2170. Those orders were: (1) the District Court's order declining to reconsider its order denying Smith's motion to stay her bankruptcy pending review of the conversion order; (2) the District Court's order denying Smith's motion "to retain law firms for representation and asset recovery," in which she inexplicably asserted that she is entitled to recover $125 million in assets; and (3) the District Court's order denying Smith leave to file a second amended reply brief on the merits, which the District Court nevertheless considered.

8

For these reasons, we will affirm the judgment of the District Court. Smith's motion for a temporary restraining order and her other requests for relief are denied.[10]

---

[10] As noted above, the sale of Smith's former home has been consummated pursuant to a sale-authorization order that Smith did not appeal and of which she did not obtain a stay. Smith nevertheless seeks an order enjoining the buyer from, inter alia, demolishing the home. We decline to restrain the conduct of an individual who is not a party to this proceeding and who has acted pursuant to an order that Smith did not appeal.